Gregory S. Gewirtz
ggewirtz@lernerdavid.com
Daniela Caro-Esposito (*pro hac vice* forthcoming)
dcaro-esposito@lernerdavid.com
LERNER DAVID LLP
20 Commerce Drive, Ste. 400
Cranford, NJ 07016
Tel: 908.654.5000
Email: litigation@lernerdavid.com

*Attorneys for Defendants Sony Corporation and*
*Sony Semiconductor Solutions Corporation*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| INNOVATION SCIENCES, LLC,<br><br>Plaintiff,<br>v.<br><br>SONY CORPORATION<br>and<br>SONY SEMICONDUCTOR SOLUTIONS CORPORATION,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>x | **Document Filed Electronically**<br><br>Civil Action No. 4:26-cv-00783-ALM<br><br>Amos L Mazzant, U.S.D.J. |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants Sony Corporation ("SC") and Sony Semiconductor Solutions Corporation ("SSS") (collectively, "Sony"), by and through their undersigned counsel, answer each numbered paragraph of the Complaint of Innovation Sciences, LLC ("Innovation Sciences") as follows:

## NATURE OF THE ACTION

1. Sony admits that the Complaint purports to assert an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35, United States Code, but denies that they are liable for patent infringement.

2. Sony admits that the Complaint purports to assert an action for patent infringement of United States Patent Nos. 10,368,125 (the "'125 Patent"), 10,469,898 (the "'898 Patent"), 11,109,094 (the "'094 Patent"), and 12,634,129 (the "'129 Patent") (collectively the "Asserted Patents"), but denies that they are liable for patent infringement and denies the remaining allegations of paragraph 2 of the Complaint.

3. Sony admits that Innovation Sciences seeks the relief requested in paragraph 3 of the Complaint but denies that Innovation Sciences is entitled to any recovery or other relief requested of paragraph 3 of the Complaint.

## PARTIES

4. Sony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint, and therefore denies them.

5. Sony admits the allegations of paragraph 5 of the Complaint.

6. Sony admits the allegations of paragraph 6 of the Complaint.

7. Sony denies the allegations of paragraph 7 of the Complaint.

8. Sony admits that SSS developed, manufactured and sold the IMX500 sensor in Japan, and developed the AITRIOS architecture. Sony denies the remaining allegations of paragraph 8 of the Complaint.

9. Sony denies the allegations of paragraph 9 of the Complaint. The Complaint includes two paragraphs identified as paragraph 9. The denial in this paragraph refers to the first paragraph 9 in the Complaint.

## JURISDICTION AND VENUE

9. Sony admits the allegations that address subject matter jurisdiction of paragraph 9 of the Complaint. This admission in this paragraph refers to the second paragraph 9 in the Complaint.

10. Sony denies the allegations of paragraph 10 of the Complaint.

11. Sony denies the allegations of paragraph 11 of the Complaint.

12. Sony denies the allegations of paragraph 12 of the Complaint.

13. Sony denies the allegations of paragraph 13 of the Complaint.

14. The Complaint omits paragraph 14.

15. The Complaint omits paragraph 15.

16. The Complaint omits paragraph 16.

## THE PATENTS-IN-SUIT

17. Sony denies that the ’125 Patent was issued on February 4, 2020. Sony admits that the ’125 Patent has the title identified in paragraph 17 of the Complaint, and that a copy of the ’125 Patent is identified in the Complaint as Exhibit A, however the exhibits accompanying the Complaint do not bear corresponding coversheets to identify the exhibits. Sony lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17 of the Complaint, and therefore denies them.

18. Sony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint, and therefore denies them.

19. Sony admits that the ’898 Patent was issued on November 5, 2019, has the title identified in paragraph 19 of the Complaint, and that a copy of the ’898 Patent is identified in the Complaint as Exhibit B, however the exhibits accompanying the Complaint do not bear corresponding coversheets to identify the exhibits. Sony lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 19 of the Complaint, and therefore denies them.

20. Sony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint, and therefore denies them.

21. Sony admits that the '094 Patent was issued on August 31, 2021 and that a copy of the '094 Patent is identified in the Complaint as Exhibit C, however the exhibits accompanying the Complaint do not bear corresponding coversheets to identify the exhibits. Sony denies that the '094 Patent has the title identified in paragraph 21 of the Complaint. Sony lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 21 of the Complaint, and therefore denies them.

22. Sony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint, and therefore denies them.

23. Sony admits that the '129 Patent was issued on May 19, 2026, and that a copy of the '129 Patent is identified in the Complaint as Exhibit D, however the exhibits accompanying the Complaint do not bear corresponding coversheets to identify the exhibits. Sony denies that the '129 Patent has the title identified in paragraph 23 of the Complaint. Sony lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 23 of the Complaint, and therefore denies them.

24. Sony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint, and therefore denies them.

25. Sony admits the allegations of paragraph 25 of the Complaint.

## ACCUSED PRODUCTS

26. Sony denies the allegations of paragraph 26 of the Complaint.

27. Sony denies the allegations of paragraph 27 of the Complaint. SSS admits that it previously sold AIH-IVRW2 cameras and launched, exhibited and offered AITRIOS services in the United States prior to issuance of the '129 Patent. Sony does not understand what related Edge

AI solutions means and denies any allegation regarding that term. Sony denies the remaining allegations of paragraph 27 of the Complaint.

**WILLFUL INFRINGEMENT AND SONY'S KNOWLEDGE**

28. Sony admits that Innovation Sciences alleges that it sent a letter with alleged claim charts dated June 23, 2025, referencing the '125 and '898 Patents and that the alleged letter identified in Complaint as part of Exhibit E, however the exhibits accompanying the Complaint do not bear corresponding coversheets to identify the exhibits. Sony has no record of receiving the alleged June 23, 2025, letter or the alleged representative claim charts and thus denies the allegations of paragraph 28 of the Complaint.

29. Sony admits that the '129 Patent appears to have issued on May 19, 2026. Sony denies the remaining allegations of paragraph 29 of the Complaint.

30. Sony admits that it has not entered into a license agreement with Innovation Sciences. Sony denies the remaining allegations of paragraph 30 of the Complaint.

31. Sony denies the allegations of paragraph 31 of the Complaint.

**GENERAL ALLEGATIONS**

**The '125 Patent (U.S. Patent No. 10,368,125)**

32. Sony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Complaint, and therefore denies them.

33. Sony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Complaint, and therefore denies them.

34. Sony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Complaint, and therefore denies them.

**The '898 Patent (U.S. Patent No. 10,469,898)**

35. Sony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Complaint, and therefore denies them.

36. Sony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Complaint, and therefore denies them.

**The ’094 Patent (U.S. Patent No. 11,109,094)**

37. Sony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Complaint, and therefore denies them.

38. Sony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the Complaint, and therefore denies them.

**The ’129 Patent (U.S. Patent No. 12,634,129)**

39. Sony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the Complaint, and therefore denies them.

40. Sony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Complaint, and therefore denies them.

## INFRINGEMENT ALLEGATIONS

41. Sony denies the allegations of paragraph 41 of the Complaint.

## COUNT I – DIRECT INFRINGEMENT OF THE ’125 PATENT

42. Sony incorporates by reference its responses to the paragraphs above as if fully set forth herein.

43. Sony denies the allegations of paragraph 43 of the Complaint.

44. Sony admits that Claim 68 of the ’125 Patent appears to recite the provisions identified in paragraph 44 of the Complaint, but the format is different and responds that ’125 Patent speaks for itself.

45. Sony denies the allegations of paragraph 45 of the Complaint.

46. The Complaint omits paragraph 46.

47. The Complaint omits paragraph 47.

48. Sony denies the allegations of paragraph 48 of the Complaint.

## COUNT II – INDUCED INFRINGEMENT OF THE '125 PATENT

49. Sony incorporates by reference its responses to the paragraphs above as if fully set forth herein.

50. Sony denies the allegations of paragraph 50 of the Complaint.

51. Sony denies the allegations of paragraph 51 of the Complaint.

52. Sony denies the allegations of paragraph 52 of the Complaint.

53. Sony denies the allegations of paragraph 53 of the Complaint.

54. The Complaint omits paragraph 54.

55. The Complaint omits paragraph 55.

56. The Complaint omits paragraph 56.

57. The Complaint omits paragraph 57.

58. The Complaint omits paragraph 58.

59. The Complaint omits paragraph 59.

60. The Complaint omits paragraph 60.

61. The Complaint omits paragraph 61.

62. The Complaint omits paragraph 62.

63. The Complaint omits paragraph 63.

**COUNT III – DIRECT INFRINGEMENT OF THE '094 PATENT**

64. Sony incorporates by reference its responses to the paragraphs above as if fully set forth herein.

65. Sony denies the allegations of paragraph 65 of the Complaint.

66. Sony admits that Claim 73 of the '094 Patent appears to recite the provisions identified in paragraph 66 of the Complaint, but the format is different and responds that the '094 Patent speaks for itself.

67. Sony denies the allegations of paragraph 67 of the Complaint.

68. Sony denies the allegations of paragraph 68 of the Complaint.

**COUNT VI –INDUCED INFRINGEMENT OF THE '094 PATENT**

69. Sony incorporates by reference its responses to the paragraphs above as if fully set forth herein.

70. Sony denies the allegations of paragraph 70 of the Complaint.

71. Sony denies the allegations of paragraph 71 of the Complaint.

72. Sony denies the allegations of paragraph 72 of the Complaint.

73. Sony denies the allegations of paragraph 73 of the Complaint.

**COUNT VII – DIRECT INFRINGEMENT OF THE '129 PATENT**

74. Sony incorporates by reference its responses to the paragraphs above as if fully set forth herein.

75. Sony denies the allegations of paragraph 75 of the Complaint.

76. Sony denies the allegations of paragraph 76 of the Complaint.

77. Sony denies that paragraph 77 of the Complaint accurately recites the language of Claim 7 of the '129 Patent and responds that the '129 Patent speaks for itself.

78. Sony denies the allegations of paragraph 78 of the Complaint.

79. Sony denies the allegations of paragraph 79 of the Complaint.

## COUNT VIII – INDUCED INFRINGEMENT OF THE ’129 PATENT

80. Sony incorporates by reference its responses to the paragraphs above as if fully set forth herein.

81. Sony denies the allegations of paragraph 81 of the Complaint.

82. Sony denies the allegations of paragraph 82 of the Complaint.

83. Sony denies the allegations of paragraph 83 of the Complaint.

84. Sony denies the allegations of paragraph 84 of the Complaint.

## INNOVATION SCIENCES’ PRAYER FOR RELIEF

Sony denies all allegations in Innovation Sciences’ prayer for relief and denies that Innovation Sciences is entitled to any relief.

## INNOVATION SCIENCES’ DEMAND FOR JURY TRIAL

No response is required to Innovation Sciences’ demand for a trial by jury.

## SONY’S AFFIRMATIVE DEFENSES

85. Sony incorporates by reference the foregoing paragraphs in their entirety and asserts the following affirmative and other defenses. By asserting these defenses, Sony does not admit that it bears the burden of proof on any issue and does not accept any burden it would not otherwise bear. Sony reserves all other defenses pursuant to Rule 8(c) of the Federal Rules of Civil Procedure,

the Patent Laws of the United States, and any other defenses, at law or in equity, that now exist or in the future may be available based on discovery and further factual investigation in this case.

**FIRST DEFENSE**
**(Invalidity of the '125 Patent)**

86. Each claim of the '125 Patent is invalid for failing to meet the requirements of patentability, including, without limitation, one or more of §§ 101, 102, 103, and/or 112 of Title 35 of the United States Code.

**SECOND DEFENSE**
**(Non-Infringement of the '125 Patent)**

87. Sony has not infringed any valid, enforceable claim of the '125 Patent, either directly or indirectly, literally or under the doctrine of equivalents, at least because the accused instrumentalities do not practice every claimed limitation or equivalents.

**THIRD DEFENSE**
**(Invalidity of the '898 Patent)**

88. Each claim of the '898 Patent is invalid for failing to meet the requirements of patentability, including, without limitation, one or more of §§ 101, 102, 103, and/or 112 of Title 35 of the United States Code.

**FOURTH DEFENSE**
**(Non-Infringement of the '898 Patent)**

89. Sony has not infringed any valid, enforceable claim of the '898 Patent, either directly or indirectly, literally or under the doctrine of equivalents, at least because the accused instrumentalities do not practice every claimed limitation or equivalents.

**FIFTH DEFENSE**
**(Invalidity of the ’094 Patent)**

90. Each claim of the ’094 Patent is invalid for failing to meet the requirements of patentability, including, without limitation, one or more of §§ 101, 102, 103, and/or 112 of Title 35 of the United States Code.

**SIXTH DEFENSE**
**(Non-Infringement of the ’094 Patent)**

91. Sony has not infringed any valid, enforceable claim of the ’094 Patent, either directly or indirectly, literally or under the doctrine of equivalents, at least because the accused instrumentalities do not practice every claimed limitation or equivalents.

**SEVENTH DEFENSE**
**(Invalidity of the ’129 Patent)**

92. Each claim of the ’129 Patent is invalid for failing to meet the requirements of patentability, including, without limitation, one or more of §§ 101, 102, 103, and/or 112 of Title 35 of the United States Code.

**EIGHTH DEFENSE**
**(Non-Infringement of the ’129 Patent)**

93. Sony has not infringed any valid, enforceable claim of the ’129 Patent, either directly or indirectly, literally or under the doctrine of equivalents, at least because the accused instrumentalities do not practice every claimed limitation or equivalents.

**NINTH DEFENSE**
**(Prosecution History Estoppel)**

94. By reason of the prior art and/or statements and representations made to and by the United States Patent and Trademark Office during prosecution of the applications that led to the issuance of the Asserted Patents, their claims are limited to by the doctrines of prosecution history estoppel and/or prosecution disclaimer such that none of the claims of the Asserted Patents could be properly construed to cover any products or activity of Sony.

**TENTH DEFENSE**
**(Limitations on Damages)**

95. Innovation Sciences' claim for damages against Sony for alleged infringement is statutorily barred, in whole or in part, by the provisions of 35 U.S.C. §§ 284, 286, 287 and/or 288. Innovation Sciences has failed to mark its products or its licensees have failed to mark their products allegedly covered by the Asserted Patents under 35 U.S.C. § 287 such that no pre-suit damages are available.

**ELEVENTH DEFENSE**
**(No Injunctive Relief)**

96. Innovation Sciences is not entitled to injunctive relief because it cannot satisfy the requirements applicable to injunctive relief, as a matter of law.

**TWELFTH DEFENSE**
**(No Willful Infringement or Enhanced Damages)**

97. Sony has not willfully infringed any claim of the Asserted Patents and Innovation Sciences' claims for damages pursuant to 35 U.S.C. §§ 284 and 285, if any, and/or an award of fees and/or costs against Sony have no basis in fact or law.

**THIRTEENTH DEFENSE**
**(No Attorneys' Fees)**

98. Innovation Sciences cannot show that it is entitled to attorneys' fees under 35 U.S.C § 285, and its claims for an award of fees against Sony have no basis in fact or law.

**FOURTEENTH DEFENSE**
**(Equitable Defenses)**

99. Innovation Sciences' claims are barred by equitable defenses, including, without limitation waiver, estoppel, implied license, and/or unclean hands.

**FIFTEENTH DEFENSE**
**(Lack of Personal Jurisdiction)**

100. Innovation Sciences' claims lack personal jurisdiction over SC and SSS.

101. The present action is improper in this District as SC and SSS have not made, used, imported or sold the Accused Products within the United States, either at all for some of the Accused Product, or during the term of the applicable patent for other Accused Products, and have not committed any other act within the United States that could subject them to liability under the United States Patent Laws within this District or in any other district. Sony also lacks the requisite minimum contacts with this District. Thus, personal jurisdiction does not exist for Sony within this District.

**SIXTEENTH DEFENSE**
**(Failure to State a Claim)**

102. The Complaint fails to state a claim upon which relief can be granted against Sony because Sony has not committed any act which gives rise to liability under the United States Patent Law.

**PRAYER FOR RELIEF**

WHEREFORE, Sony prays for the following relief:

A. That Innovation Sciences infringement claims against Sony be dismissed with prejudice and that Innovation Sciences takes nothing by way of its Complaint;

B. That judgment be rendered in favor of Sony and against Innovation Sciences;

C. That judgment be entered that Sony has not directly or indirectly infringed, does not induce infringement of and does not contribute to the infringement of any valid and enforceable claim of the ’125 Patent, literally or under the doctrine of equivalents;

D. That judgment be entered that Sony has not directly or indirectly infringed, does not induce infringement of and does not contribute to the infringement of any valid and enforceable claim of the ’898 Patent, literally or under the doctrine of equivalents;

E. That judgment be entered that Sony has not directly or indirectly infringed, does not induce infringement of and does not contribute to the infringement of any valid and enforceable claim of the ’094 Patent, literally or under the doctrine of equivalents;

F. That judgment be entered that Sony has not directly or indirectly infringed, does not induce infringement of and does not contribute to the infringement of any valid and enforceable claim of the ’129 Patent, literally or under the doctrine of equivalents;

G. That judgment be rendered that the claims of the ’125 Patent are invalid;

H. That judgment be rendered that the claims of the ’898 Patent are invalid;

I. That judgment be rendered that the claims of the ’094 Patent are invalid;

J. That judgment be rendered that the claims of the ’129 Patent are invalid;

K. That judgment be rendered that Innovation Sciences did not conduct a reasonable investigation into the facts prior to filing the Complaint, that this case be found exceptional in Sony’s favor such that Sony be awarded its attorneys’ fees pursuant to 35 U.S.C. § 285;

L. That Sony be awarded its costs and expenses in this action; and

M. That Sony be awarded such other and further relief as this court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Sony hereby demands a trial by a jury on all issues so triable.

Respectfully submitted,

LERNER DAVID LLP
20 Commerce Drive, Ste. 400
Cranford, NJ 07016

Dated: November 17, 2026

By: /s/ Gregory S. Gewirtz

Gregory S. Gewirtz (NJ 006381992)*
Daniela Caro-Esposito (*pro hac vice* forthcoming)
LERNER DAVID LLP
20 Commerce Drive, Ste. 400
Cranford, NJ 07016
Email: ggewirtz@lernerdavid.com
dcaro-esposito@lernerdavid.com
litigation@lernerdavid.com
Tel: 908.518.6343
*admitted to the E.D. Tex.

*Attorneys for Defendants Sony Corporation and Sony Semiconductor Solutions Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the date of this filing a true and correct copy was served on counsel via the ECF system.

/s/ Gregory S. Gewirtz
Gregory S. Gewirtz (NJ 006381992)